[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 19-11930

Non-Argument Calendar

_____

OUTOKUMPU STAINLESS USA, LLC,

SOMPO JAPAN INSURANCE COMPANY OF AMERICA,

as subrogee of Outokumpu Stainless USA, LLC,

POHJOLA INSURANCE LIMITED,

as subrogee of Outokumpu Oyj,

AIG EUROPE LIMITED,

as subrogee of Outokumpu Oyj,

TAPIOLA GENERAL MUTUAL INSURANCE COMPANY,

as subrogee of Outokumpu Oyj,

AXA CORPORATE SOLUTIONS ASSURANCE SA UK BRANCH,

as subrogee of Outokumpu Oyj,

HDI GERLING UK BRANCH,

as subrogee of Outokumpu Oyj,

MSI CORPORATE CAPITAL LTD.,

2                    Opinion of the Court                    19-11930

as sole Corporate Member of Syndicate 3210,
as subrogee of Outokumpu Oyj,
ROYAL & SUN ALLIANCE PLC,
as subrogee of Outokumpu Oyj,

                                        Plaintiffs-Appellees,

*versus*

CONVERTEAM SAS,
a foreign corporation now known as GE Energy
Power Conversion France SAS, Corp.,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:16-cv-00378-KD-C

_____

Before JORDAN, MARCUS, and JULIE CARNES, Circuit Judges.

PER CURIAM:

This case is before the Court on Defendant GE Energy Power Conversion France's ("GE Energy") appeal of the district court's order remanding the case to the Alabama state court in which it was originally filed, as well as on this Court's recent order

directing the parties to show cause why the appeal should not be dismissed as moot.

As described in greater detail in the Court's recent show cause order, this case has a long and complicated history. Briefly, Plaintiff Outokumpu ("Plaintiff") sued GE Energy in Alabama state court to recover damages related to allegedly defective motors GE Energy manufactured and provided to Plaintiff. GE Energy removed the case to federal district court pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), 9 U.S.C. § 205. Once in federal court, GE Energy moved to dismiss Plaintiff's claims and asked the district court to compel arbitration based on an arbitration provision in the motor purchase agreement. The district court granted GE Energy's motion to dismiss and compelled arbitration pursuant to the Convention. *See Outokumpu Stainless USA LLC v. Converteam SAS*, No. 16-cv-00378-KD-C, 2017 WL 480716 (S.D. Ala. Feb. 3, 2017) ("*Outokumpu I*").

Plaintiff appealed the district court's decision compelling arbitration to this Court. In resolving that appeal, we agreed that the case was removable under § 205, but we reversed the district court's order compelling arbitration based on our conclusion that the Convention precluded GE Energy, a non-signatory, from enforcing the arbitration agreement. *See Outokumpu Stainless USA, LLC v. Converteam SAS*, 902 F.3d 1316, 1325–27 (11th Cir. 2018) ("*Outokumpu II*"). We then remanded the case back to the district

court for further proceedings consistent with our decision. *See id.* at 1327.

Given this Court's decision that GE Energy could not enforce the arbitration clause—meaning that the sole federal "claim" had been determined and only state claims remained to be decided—Plaintiff moved to remand the action back to the Alabama state court. The district court granted the motion, denying GE Energy's request that the court stay any remand pending resolution of GE Energy's petition for a writ of certiorari in the Supreme Court seeking review of this Court's reversal of the district court's order compelling arbitration.

GE Energy appealed the district court's order remanding the case to state court, generating the appeal that is now before the Court. A few months later, the Supreme Court granted GE Energy's previously filed certiorari petition, and it subsequently reversed this Court's decision in *Outokumpu II*. *See GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 140 S. Ct. 1637, 1648 (2020) ("*Outokumpu III*"). Clarifying in its opinion that the Convention does not prohibit or conflict with a non-signatory's enforcement of an arbitration agreement, the Supreme Court remanded the case back to this Court to determine whether GE Energy could properly compel arbitration. *See id.* at 1645, 1648. On remand, this Court held that, given the Supreme Court's holding that the Convention does not impose a signature requirement, GE Energy could indeed compel arbitration. *See Outokumpu Stainless USA, LLC v. Converteam SAS*, No. 17-10944, 2022 WL 2643936,

at *3 (11th Cir. July 8, 2022) ("*Outokumpu IV*").  Accordingly, we affirmed and reinstated the district court's initial order compelling arbitration.  *See id*. at *4.

That left as the only remaining issue in federal court GE Energy's present appeal of the district court's remand order.  As noted, the underlying case had been pending in state court since the district court's order remanding it.  In considering the parties' arguments concerning which court should handle the litigation, our own review of the state court record suggested that GE Energy had already received all the relief it seeks in this appeal.  Specifically, after this Court issued its decision in *Outokumpu IV*, all relevant plaintiffs and defendants in the ongoing Alabama proceeding stipulated that those claims on which the defendants had sought arbitration should be dismissed because the Eleventh Circuit had directed arbitration of those claims, which arbitration was to occur in Germany.  As this was the relief that GE Energy had sought from the outset, we issued an order directing the parties to show cause why the appeal should not be dismissed as being moot.

The parties have submitted responses to the show cause order, in which they both agree that (1) GE Energy has gotten all the relief it sought in its original litigation before the district court and (2) the present appeal is thus moot.  Specifically, the claims made by Plaintiff that GE Energy contended were required to be arbitrated pursuant to the Convention have now been dismissed by Plaintiff and those claims are currently being arbitrated under the Convention.  As such, it would be "impossible for the [C]ourt to

grant any effectual relief" to GE Energy, even if it prevailed in the appeal. *See Djadju v. Vega*, 32 F.4th 1102, 1106 (11th Cir. 2022) (quotation marks omitted). *See also Health Freedom Defense Fund v. President of the United States*, 71 F.4th 888, 891 (11th Cir. 2023) (explaining that an appeal is moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome" (quotation marks omitted)).

Accordingly, we **DISMISS** the appeal as moot. Given our conclusion that this appeal is moot, we **GRANT** GE Energy's pending motion to vacate the district court's order remanding the case to state court. *See Health Freedom Defense Fund*, 71 F.4th at 894 ("The ordinary practice in disposing of a case that has become moot on appeal is to vacate the judgment with directions to dismiss." (quotation marks omitted)).